Lawrence Dennell Jackson, # 178620, ) C/A No. 3:10-3022-JFA-JRM
aka *Lawrence D. Jackson*, )
) 2010 DEC 9 P 3:15
                  Plaintiff, )
) REPORT AND
vs. ) RECOMMENDATION
)
Mary S. Williams, Esq.; Richard C. )
Jones, Esq., )
)
                  Defendants. )
)

The plaintiff, Lawrence Dennell Jackson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants two attorneys involved in Plaintiff's state post-conviction proceedings, an Assistant Attorney General representing the State and Plaintiff's court-appointed counsel. Plaintiff seeks monetary damages, as well as declaratory relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v.*

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

2

*Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. §

1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The first requirement to state a claim under § 1983 is that the defendant act under color of state law. Defendant Jones is an attorney appointed by the state court to represent Plaintiff in his state post-conviction relief action. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), *quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Thus, the pleadings fail to state a claim under

4

§ 1983 against Defendant Jones.

Defendant Williams, the Assistant Attorney General in Plaintiff's state post-conviction relief action, is immune from liability under § 1983 in this case. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The prosecutorial immunity established in *Imbler* extends to post-conviction proceedings, such as appeals and habeas corpus proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992)(recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); and *Bruce v. Wade*, 537 F.2d 850 (5th Cir. 1976)(challenges to conviction protected by the immunity doctrine). Defendant Williams, while an Assistant Attorney General with the South Carolina Attorney General's Office, represented the State at Plaintiff's post-conviction relief hearing. Plaintiff's factual allegations concerning the post-conviction relief action indicate that the actions of Defendant Williams were within the scope of her duties. Defendant Williams has absolute immunity from suit in this § 1983 action.

Plaintiff also claims a conspiracy by Defendants to deny

5

Plaintiff's constitutional rights in violation of 28 U.S.C. § 1985. The requirements for establishing a cause of action under § 1985(3) are set forth in a line of Supreme Court cases beginning with *Griffin v. Breckenridge*, 403 U.S. 88 (1971). In *Griffin* the Court clarified that the reach of § 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. at 102. To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Moreover, the law is well settled that to prove a section 1985 "conspiracy," a claimant must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights.

*Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (citations omitted). This burden has been characterized as "weighty," *see Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996), and the Court of Appeals for the Fourth Circuit "has rarely, if ever found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy," *Simmons v. Poe*, 47 F.3d at 1377. Plaintiff has failed to indicate the presence of "a specific class-based, invidiously discriminatory animus" on behalf of the Defendants, or a "meeting of the minds" by Defendants to violate

6

Plaintiff's constitutional rights. Accordingly, he fails to state a claim for conspiracy under § 1985.

Plaintiff fails to state a claim on which relief may be granted under §§ 1983 and 1985. The complaint also names a defendant immune from suit. The complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the notice on the following page.**

_____
Robert S. Carr
United States Magistrate Judge

December 9, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).